## FOX v. BIALY.

WORK AND LABOR—CONTRACT—EVIDENCE—ADMISSIBILITY.

In an action for work and labor consisting of services performed for defendant personally in addition to plaintiff's regular employment in managing the business of a corporation of which defendant was president and sole owner, there being no question but that plaintiff performed his contract with the corporation and had received his pay therefor, the issue was properly confined to the single question as to what the contract between plaintiff and defendant was, and an examination of plaintiff's relations with the corporation was properly excluded.

Error to Bay; Collins, J. Submitted January 10, 1908. (Docket No. 33.) Decided January 31, 1908.

Assumpsit by Charles L. Fox against Robert C. Bialy for work and labor. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Stoddard & McMillan*, for appellant.

*Brakie J. Orr*, for appellee.

MONTGOMERY, J. The plaintiff brought an action to recover for work and labor. It appears that defendant had been engaged for many years in the hardware business at Bay City. In 1904, having purchased an interest in a hardware store in Chicago, he formed a corporation under the name of the Bialy Hardware & Supply Company, to which he turned over his stock of hardware and business in Bay City. It appears, however, that the defendant was the owner of practically all the capital stock of the company. He was president of the company, and, as he says, owned the whole thing. Defendant also owned some real estate, from which rents were collected, and had a considerable number of uncollected accounts

arising out of the business which he had previously transacted. The plaintiff was a bookkeeper, and engaged with defendant as bookkeeper and manager of the business of the Bialy Hardware & Supply Company at the salary of $20 per week. Plaintiff also claims that it was agreed between him and the defendant personally that, for looking after the personal matters of the defendant, he should receive $3.07 per week from defendant, thus making his total income $1,200 per annum. Defendant claimed that the contract was that plaintiff was to receive $20 per week for all his services, including those rendered for defendant personally.

The plaintiff recovered a verdict for the amount of his claim. Defendant moved to set aside the verdict on the ground that it was against the weight of testimony, and brings the case here for review upon the ruling of the circuit judge denying the motion for a new trial, and also upon other errors alleged to have occurred in the admission of testimony.

As to the errors alleged in the admission of testimony, they have been fully examined and are found to center around the question of whether it was necessary or competent to permit an extended examination into the methods of plaintiff in conducting the business of the Bialy Hardware & Supply Company, and as to his representations in regard to his ability to handle a business of that character, and as to what the other employés of the Bialy Hardware & Supply Company were engaged in doing, and what other people in the store did collecting, and inquiries of a like nature.

We are satisfied that the circuit judge committed no error in confining the trial of this case to the single issue of what was the contract between the plaintiff and defendant. There was no question made by either party that plaintiff had performed his contract with the Bialy Hardware & Supply Company, and received his pay for it. It was very proper, therefore, that the issue be confined to the single question as to what the contract was.

The defendant at the close of the case recognized this, and asked the court to charge the jury as follows:

"The material and only question in the case is: Did the defendant promise or agree to pay plaintiff the sum of money which plaintiff claims he did? The services are conceded, and what was the salary of the plaintiff, $20, which he received, or $3.07 more per week, which he claims, to make $1,200 per annum? If you find there was such a promise the plaintiff will recover. If you find there was not such a promise then the defendant will recover."

This request presented a very clear conception of what the issue in the case really was.

Upon the question of whether the verdict was against the weight of the testimony, we think the circuit judge rightly held that the conclusion of the jury was not so against the weight of the testimony as to justify the court in vacating the verdict.

Judgment will be affirmed, with costs.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.